UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TOMAS DIARTE OTANEZ,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>ANDREW M. SAUL,<br>Commissioner of Social Security,<br><br>　　　　Defendant. | Case No. EDCV 19-00300-JEM<br><br>MEMORANDUM OPINION AND ORDER AFFIRMING DECISION OF THE COMMISSIONER OF SOCIAL SECURITY |

## PROCEEDINGS

On February 19, 2019, Tomas Diarte Otanez ("Plaintiff" or "Claimant") filed a complaint seeking review of the decision by the Commissioner of Social Security ("Commissioner") denying Plaintiff's application for Social Security Disability Insurance benefits. (Dkt. 1.) The Commissioner filed an Answer on June 5, 2019. (Dkt. 14.) On September 5, 2019, the parties filed a Joint Stipulation ("JS"). (Dkt. 16.) The matter is now ready for decision.

Pursuant to 28 U.S.C. § 636(c), both parties consented to proceed before this Magistrate Judge. (Dkt. 13.) After reviewing the pleadings, transcripts, and administrative record ("AR"), the Court concludes that the Commissioner's decision must be affirmed and this case dismissed with prejudice.

## BACKGROUND

Plaintiff is a 50 year-old male who applied for Social Security Disability Insurance benefits on July 18, 2014, alleging disability beginning October 5, 2013. (AR 17.) The ALJ determined that Plaintiff has not engaged in substantial gainful activity since October 5, 2013, the alleged onset date. (AR 19.)

Plaintiff's claim was denied initially on October 30, 2014, and on reconsideration on July 8, 2015. (AR 17.) Plaintiff filed a timely request for hearing, which was held before Administrative Law Judge ("ALJ") Andrew Verne on August 22, 2017, in Moreno Valley, California. (AR 17.) Plaintiff appeared and testified at the hearing and was represented by counsel. (AR 17.) Medical expert ("ME") Minh Vu-Dihn ("Vu"), M.D., and vocational expert ("VE") Erin M. Welsh also appeared and testified at the hearing. (AR 17.)

The ALJ issued an unfavorable decision on January 24, 2018. (AR 17-33.) The Appeals Council denied review on December 21, 2018. (AR 1-3.)

## DISPUTED ISSUES

As reflected in the Joint Stipulation, Plaintiff raises the following disputed issues as grounds for reversal and remand:

1. Whether the ALJ's finding that Plaintiff's impairments did not meet or equal Listing 1.04A is supported by substantial evidence.
2. Whether the ALJ's residual functional capacity assessment is supported by substantial evidence.
3. Whether the ALJ properly evaluated Plaintiff's subjective complaints.

## STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), this Court reviews the ALJ's decision to determine whether the ALJ's findings are supported by substantial evidence and free of legal error. Smolen v. Chater, 80 F.3d 1273, 1279 (9th Cir. 1996); see also DeLorme v. Sullivan, 924 F.2d 841, 846 (9th Cir. 1991) (ALJ's disability determination must be supported by substantial evidence and based on the proper legal standards).

Substantial evidence means "'more than a mere scintilla,' but less than a preponderance." Saelee v. Chater, 94 F.3d 520, 521-22 (9th Cir. 1996) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson, 402 U.S. at 401 (internal quotation marks and citation omitted).

This Court must review the record as a whole and consider adverse as well as supporting evidence. Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006). Where evidence is susceptible to more than one rational interpretation, the ALJ's decision must be upheld. Morgan v. Comm'r of the Soc. Sec. Admin., 169 F.3d 595, 599 (9th Cir. 1999). "However, a reviewing court must consider the entire record as a whole and may not affirm simply by isolating a 'specific quantum of supporting evidence.'" Robbins, 466 F.3d at 882 (quoting Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989)); see also Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007).

**THE SEQUENTIAL EVALUATION**

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or . . . can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Commissioner has established a five-step sequential process to determine whether a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920.

The first step is to determine whether the claimant is presently engaging in substantial gainful activity. Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007). If the claimant is engaging in substantial gainful activity, disability benefits will be denied. Bowen v. Yuckert, 482 U.S. 137, 140 (1987). Second, the ALJ must determine whether the claimant has a severe impairment or combination of impairments. Parra, 481 F.3d at 746. An impairment is not severe if it does not significantly limit the claimant's ability to work. Smolen, 80 F.3d at 1290. Third, the ALJ must determine whether the impairment is listed, or equivalent to an impairment listed, in 20 C.F.R. Pt. 404, Subpt. P, Appendix I of the regulations. Parra, 481 F.3d at 746. If the impairment

meets or equals one of the listed impairments, the claimant is presumptively disabled. <u>Bowen</u>, 482 U.S. at 141. Fourth, the ALJ must determine whether the impairment prevents the claimant from doing past relevant work. <u>Pinto v. Massanari</u>, 249 F.3d 840, 844-45 (9th Cir. 2001). Before making the step four determination, the ALJ first must determine the claimant's residual functional capacity ("RFC"). 20 C.F.R. § 416.920(e). The RFC is "the most [one] can still do despite [his or her] limitations" and represents an assessment "based on all the relevant evidence." 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1). The RFC must consider all of the claimant's impairments, including those that are not severe. 20 C.F.R. §§ 416.920(e), 416.945(a)(2); Social Security Ruling ("SSR") 96-8p.

If the claimant cannot perform his or her past relevant work or has no past relevant work, the ALJ proceeds to the fifth step and must determine whether the impairment prevents the claimant from performing any other substantial gainful activity. <u>Moore v. Apfel</u>, 216 F.3d 864, 869 (9th Cir. 2000). The claimant bears the burden of proving steps one through four, consistent with the general rule that at all times the burden is on the claimant to establish his or her entitlement to benefits. <u>Parra</u>, 481 F.3d at 746. Once this prima facie case is established by the claimant, the burden shifts to the Commissioner to show that the claimant may perform other gainful activity. <u>Lounsburry v. Barnhart</u>, 468 F.3d 1111, 1114 (9th Cir. 2006). To support a finding that a claimant is not disabled at step five, the Commissioner must provide evidence demonstrating that other work exists in significant numbers in the national economy that the claimant can do, given his or her RFC, age, education, and work experience. 20 C.F.R. § 416.912(g). If the Commissioner cannot meet this burden, then the claimant is disabled and entitled to benefits. <u>Id.</u>

**THE ALJ DECISION**

In this case, the ALJ determined at step one of the sequential process that Plaintiff has not engaged in substantial gainful activity since October 5, 2013, the alleged onset date. (AR 19.)

4

At step two, the ALJ determined that Plaintiff has the following medically determinable severe impairments: degenerative disc disease of the lumbar spine and lumbar sprain/strain. (AR 19-22.)

At step three, the ALJ determined that Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments. (AR 22-23.)

The ALJ then found that Plaintiff had the RFC to perform light work as defined in 20 CFR § 404.1567(b) with the following limitations:

> Claimant can lift and/or carry 20 pounds occasionally and 10 pounds frequently; he can stand and/or walk for six hours out of an eight-hour workday with regular breaks; he can sit for six hours out of an eight-hour workday with regular breaks; he is unlimited with respect to pushing and/or pulling, other than as indicated for lifting and/or carrying; he can occasionally climb ramps and stairs, but can never climb ladders, ropes, or scaffolds; he can frequently balance, stoop, kneel, crouch, and crawl; and he should avoid concentrated exposure to extreme cold, heat, and vibrations.

(AR 23-31.) In determining the above RFC, the ALJ made a determination that Plaintiff's subjective symptom allegations were "not entirely consistent" with the medical evidence and other evidence of record. (AR 24.)

At step four, the ALJ found that Plaintiff is not able to perform his past relevant work as a route driver and construction worker. (AR 31.) The ALJ, however, also found at step five that, considering Claimant's age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that Claimant can perform, including the jobs of merchandise marker and electrical accessories assembler. (AR 31-32.)

Consequently, the ALJ found that Claimant is not disabled within the meaning of the Social Security Act. (AR 32-33.)

///

///

**DISCUSSION**

The ALJ decision is affirmed. The ALJ's step three determination that Plaintiff does not meet or equal a Listing is supported by substantial evidence. The ALJ properly considered the medical evidence. The ALJ properly discounted Plaintiff's subjective symptom allegations. The ALJ's RFC is also supported by substantial evidence.

**I. THE ALJ'S DETERMINATION THAT PLAINTIFF DOES NOT MEET OR EQUAL A LISTING IS SUPPORTED BY SUBSTANTIAL EVIDENCE**

Plaintiff contends Plaintiff meets or equals Listing 1.04A. The Court disagrees.

**A.  Relevant Federal Law**

Social Security regulations provide that a claimant is disabled if he or she meets or medically equals a listed impairment. Section 416.920(a)(4)(iii) ("If you have an impairment that meets or equals one of our listings . . . we will find that you are disabled"); Section 416.920(d) ("If you have an impairment(s) which . . . is listed in Appendix 1 or is equal to a listed impairment(s), we will find you disabled without considering your age, education, and work experience"). In other words, if a claimant meets or equals a listing, he or she will be found disabled at this step "without further inquiry." Tackett v. Apfel, 180 F.3d 1094, 1099 (9th Cir. 1999). There is no need for the ALJ to complete steps four and five of the sequential process. Lewis v. Apfel, 236 F.3d 503, 512 (9th Cir. 2001). A claimant bears the burden of proving he or she has an impairment that meets or equals the criteria of a listing. Burch v. Barnhart, 400 F.3d 676, 683 (9th Cir. 2005).

The listings in Appendix 1 describe specific impairments considered "severe enough to prevent an individual from doing gainful activity, regardless of his or her age, education, or work experience." Section 404.1525. An impairment that meets a listing must satisfy all the medical criteria required for that listing. Section 404.1525(c)(3); Sullivan v. Zebley, 493 U.S. 521, 530 (1990). An impairment cannot meet a listing based only on a diagnosis. Section 404.1525(d); Key v. Heckler, 754 F.2d 1545, 1549-50 (9th Cir. 1985). It also must have the findings shown in the listing for a particular impairment. Key, 754 F.2d at 1549-50. Medical equivalence will be found if the impairment "is at least equal in severity and duration to the criteria of any listed

impairment." Section 404.1526(a). Medical equivalence is based on symptoms, signs, and laboratory findings, but not subjective symptoms. Section 404.1529(d)(3).

The Ninth Circuit in Lewis, held that an ALJ must evaluate the relevant evidence before concluding that a claimant's impairments do not meet or equal a listing. 236 F.3d at 512. The Court further declared, "A boilerplate finding is insufficient to support a conclusion that a claimant's impairments do not do so." Id. Lewis cited as authority Marcia v. Sullivan, 900 F.2d 172, 176 (9th Cir. 1990), a case relied on by Plaintiff here. Lewis, however, distinguished Marcia by noting that Marcia "simply requires the ALJ to discuss and evaluate the evidence that supports his or her conclusion; it does not specify that the ALJ must do so under the heading 'Findings.'" Lewis, 236 F.3d at 513.

**B.     Analysis**

Plaintiff alleges an inability to work due to chronic low back pain. (AR 23.) Medical records indicate that he suffered an on the job injury to his low back in September 2013. (AR 23-24.) He alleges difficulties sitting or standing longer than 10-15 minutes, needing a cane to stand and walk, and difficulties lifting more than 15 pounds. (AR 23.)

The ALJ did find that Plaintiff has the medically determinable severe impairments of degenerative disc disease of the lumbar spine and lumbar sprain/strain. (AR 19.) Notwithstanding these impairments, the ALJ assessed Plaintiff with a reduced range of light work RFC (AR 23) and consequently determined that Plaintiff is not disabled through the date of decision on January 24, 2018. (AR 32-33.)

Plaintiff alleges he meets or equals Listing 1.04A for disorders of the spine. (AR 23.) The ALJ, however, found that Plaintiff impairments, singly or in combination, do not meet or medically equal the criteria for Listing 1.04A or any listing. (AR 23.)

Listing 1.04A provides as follows:

> 1.04 Disorders of the spine (e.g., herniated nucleus pulposus, spinal arachnoiditis, spinal stenosis, osteoarthritis, degenerative disc disease, facet arthritis, vertebral fracture), resulting in a compromise of a nerve root (including the cauda equina) or the spinal cord. With:

A. Evidence of nerve root compression characterized by neuro-
anatomic distribution of pain, limitation of the spine, motor loss (atrophy with
associated muscle weakness or muscle weakness) accompanied by
sensory or reflex loss and, if there is involvement of the lower back, positive
straight-leg raising test (sitting and supine).

20 C.F.R. Pt. 404, Subp. P, App. 1.

Dr. Vu, an internist, was a testifying expert at the hearing. (AR 27, 44-46.) He opined that Plaintiff's impairment of degenerative disc disease of the lumbar spine does not meet or equal a Listing, including Listing 1.04A. (AR 27, 45-46.) He found there was no evidence of nerve root compression, no positive straight leg rising, no loss of sensory function, and no evidence of neuromuscular deficits. (AR 27, 45.) Dr. Vu explained that the spinal impairment does not meet or equal Listing 1.04A because clinical findings of nerve root compression like loss of function, atrophy, and weakness are missing. (AR 56-58, 45-46.) He assessed Plaintiff with a medium work RFC. (AR 29, 46.) The ALJ partially credited Dr. Vu's opinion. (AR 23, 29.) The ALJ rejected his medium work RFC in favor of a light work RFC (AR 23, 29) but found that his sitting, standing, and walking limitations of six hours each in an eight hour workday are consistent with the record. (AR 29.)

Other physicians gave similar assessments. Initial findings in September 2013 after the on the job injury showed mild to moderate lumbosacral spasm and mild to moderate decreased range of motion, but negative straight leg raising, no evidence of lower extremity weakness, and no specific sensory findings. (AR 24.) Plaintiff had some difficulty walking, but baseline ambulation was normal. (AR 24.) Medications brought substantial relief. (AR 25.) In an October 2013 examination, there was evidence of positive straight leg raising, but Plaintiff retained normal motor strength, sensation was intact, and gait was normal. (AR 25.)

In March 2014, orthopedic surgeon and workers' compensation QME Dr. Alan Gross found Plaintiff had an antalgic gait to the right, but motor strength was 5/5 in the lower extremities and straight leg testing was slightly positive on the right in the supine position, normal in the sitting position, and negative in crossed straight leg raising. (AR 25.) In April

2014, Dr. Gross opined Plaintiff could return to his usual and customary job, which was medium to heavy work. (AR 30, 558, 86.) Dr. Gross found that Plaintiff had no more than slight pain and slightly limited range of motion and had normal motor, sensory, and reflex findings. (AR 25.)

In February 2015, orthopedic surgeon Dr. Edward Stokes evaluated Plaintiff and found negative straight leg raising, both sitting and standing. (AR 26.) There also was no gait abnormality. (AR 26.) In July 2015, Dr. Stokes again found negative straight leg raising bilaterally. (AR 27.) In May 2015, Dr. Vincent Bernabe, an orthopedic surgeon, found negative straight leg raising bilaterally, motor strength at 5/5 in upper and lower extremities, and sensation well-preserved. (AR 26-27.) Plaintiff did not walk with a limp and was able to heel and toe walk. (AR 26.)

State agency reviewing physicians assessed Plaintiff with a light work RFC. The ALJ found that these assessments are consistent with the objective evidence and supported by "diagnostic evidence of mild-moderate multilevel degenerative changes with intermittent mild neurological limitations causing no significant limitations and generally routine and conservative treatment with pain medications and physical therapy." (AR 29.) The ALJ also found Plaintiff is able to frequently balance, stoop, kneel, crouch, and crawl "due to no indication of significant neurological deficits and good control of pain with generally routine treatment." (AR 29.)

The ALJ synthesized the above findings in concluding that Plaintiff's spine impairment does not meet or equal Listing 1.04A. (AR 29.) The ALJ noted that his conclusion was not based solely on lack of atrophy, but also was based on "lack of consistent neurological findings, generally mild level of treatment for these findings, and no more than mild-moderate diagnostic findings <u>without evidence of significant nerve root compression</u> and with no recommendation for aggressive surgical intervention." (AR 29.)

Plaintiff argues that "significant" nerve root compression, surgery, and atrophy are not required to meet or equal a Listing, but these arguments fail for two reasons. First, other required elements of Listing 1.04A, such as sensory or reflex loss and positive straight leg

raising,[1] are missing in the evidence. Thus, any error as to an element would be harmless. See Tommasetti v. Astrue, 533 F.3d 1035, 1038 (9th Cir. 2008) (error is harmless when it is "inconsequential to the ultimate nondisability determination"), quoting Stout v. Comm'r, 454 F.3d 1050, 1055-56 (9th Cir. 2006). Second, numerous physicians assessed Plaintiff with a light or medium work RFC, which is fundamentally inconsistent with disability under Listing 1.04A or any Listing. 20 C.F.R. § 404.1525(a).

Plaintiff disagrees with the ALJ's assessment of the evidence on whether he meets or equals Listing 1.04A. However, it is the ALJ's responsibility to resolve conflicts in the medical evidence and ambiguities in the record. Andrews v. Shalala, 53 F.3d 1035, 1039 (9th Cir. 1995). Where the ALJ's interpretation of the record is reasonable, as it is here, it should not be second-guessed. Rollins v. Massanari, 261 F.3d 853, 857 (9th Cir. 2001); Thomas v. Barnhart, 278 F.3d 947, 954 (9th Cir. 2002) ("Where the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld.").

The ALJ's finding that Plaintiff does not meet or equal Listing 1.04A is supported by substantial evidence.

## II. THE ALJ'S RFC IS SUPPORTED BY SUBSTANTIAL EVIDENCE

Plaintiff contends the ALJ's RFC is not supported by substantial evidence. The Court disagrees.

### A. The ALJ Properly Considered The Medical Evidence

#### 1. Relevant Federal law

The ALJ's RFC is not a medical determination but an administrative finding or legal decision reserved to the Commissioner based on consideration of all the relevant evidence,

---

[1] Plaintiff contends that there are findings of positive straight leg raising, antalgic gait, motor loss, and loss of sensation in the record, mostly from chiropractor Glen Nusbaum. (AR 25, 26, 30.) The ALJ noted the conflict in his findings with those of Dr. Gross. (AR 26.) The ALJ rejected Dr. Nusbaum's findings because his findings conflict with other treating doctors and orthopedic specialists whose findings were more mild and not significant. (AR 30.) The ALJ rejected Dr. Nusbaum's opinion for specific, legitimate reasons supported by substantial evidence. See infra pp. 10-12.

including medical evidence, lay witnesses, and subjective symptoms. See SSR 96-5p; 20 C.F.R. § 1527(e). In determining a claimant's RFC, an ALJ must consider all relevant evidence in the record, including medical records, lay evidence, and the effects of symptoms, including pain reasonably attributable to the medical condition. Robbins, 446 F.3d at 883.

In evaluating medical opinions, the case law and regulations distinguish among the opinions of three types of physicians: (1) those who treat the claimant (treating physicians); (2) those who examine but do not treat the claimant (examining physicians); and (3) those who neither examine nor treat the claimant (non-examining, or consulting, physicians). See 20 C.F.R. §§ 404.1527, 416.927; see also Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1995). In general, an ALJ must accord special weight to a treating physician's opinion because a treating physician "is employed to cure and has a greater opportunity to know and observe the patient as an individual." Magallanes v. Bowen, 881 F.2d 747, 751 (9th Cir. 1989) (citation omitted). If a treating source's opinion on the issues of the nature and severity of a claimant's impairments is well-supported by medically acceptable clinical and laboratory diagnostic techniques, and is not inconsistent with other substantial evidence in the case record, the ALJ must give it "controlling weight." 20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2).

Where a treating doctor's opinion is not contradicted by another doctor, it may be rejected only for "clear and convincing" reasons. Lester, 81 F.3d at 830. However, if the treating physician's opinion is contradicted by another doctor, such as an examining physician, the ALJ may reject the treating physician's opinion by providing specific, legitimate reasons, supported by substantial evidence in the record. Lester, 81 F.3d at 830-31; see also Orn, 495 F.3d at 632; Thomas, 278 F.3d at 957. Where a treating physician's opinion is contradicted by an examining professional's opinion, the Commissioner may resolve the conflict by relying on the examining physician's opinion if the examining physician's opinion is supported by different, independent clinical findings. See Andrews, 53 F.3d at 1041; Orn, 495 F.3d at 632. Similarly, to reject an uncontradicted opinion of an examining physician, an ALJ must provide clear and convincing reasons. Bayliss v. Barnhart, 427 F.3d 1211, 1216 (9th Cir. 2005). If an examining physician's opinion is contradicted by another physician's opinion, an ALJ must provide specific

and legitimate reasons to reject it. Id. However, "[t]he opinion of a non-examining physician cannot by itself constitute substantial evidence that justifies the rejection of the opinion of either an examining physician or a treating physician"; such an opinion may serve as substantial evidence only when it is consistent with and supported by other independent evidence in the record. Lester, 81 F.3d at 830-31; Morgan, 169 F.3d at 600.

2. Analysis

Plaintiff challenges the light work RFC assessed by State agency physicians, contending that he lacks the physical ability to stand and walk six hours in an eight hour workday required of light work. He argues that his abnormal gait supports this contention. Plaintiff's arguments fail.

First, there is substantial medical evidence supporting the ALJ's light work RFC. Dr. Vu assessed Plaintiff with a medium work RFC (AR 29), as did Dr. Bernabe and Dr. Gross. (AR 29, 30.) State agency doctors assessed Plaintiff with a light work RFC. (AR 29.) Plaintiff criticizes the opinion of the State agency physicians as not reflective of the entire record, but the ALJ made clear that he considered the entire record, consisting of mild-moderate findings and generally conservative treatment, in determining Plaintiff's light work RFC. (AR 30.)

Plaintiff contends that he has difficulty with ambulation due to pain, but the ALJ found that his statements are inconsistent with the objective medical evidence and the observations of treating and examining doctors. (AR 28.) Medical records indicate that, although his gait was antalgic at times, it was not severe enough to warrant the need for an assistive device and he was not always observed using an assistive device. (AR 24, 25, 26, 27, 28.) His lower extremity findings also were inconsistent with ambulation difficulty. (AR 28.) The ALJ rejected the assertion that an assistive device was needed for ambulation. (AR 28.)

Second, even if it were true that more restrictive standing and walking limitations should be imposed, the VE identified jobs at the sedentary exertional level that Plaintiff could perform. (AR 88-89.) The VE testified Plaintiff would be able to perform the sedentary jobs of document specialist and food and beverage clerk. (AR 88-89.) He also testified that the sedentary jobs and even the light job of electrical assembler could be performed by someone with a cane.

(AR 88-89.) Thus, any error in assessing the evidence for the ALJ's light work RFC would be harmless. See Tommasetti, 533 F.3d at 1038.

Plaintiff disagrees with the ALJ's interpretation of the evidence, but again it is the ALJ's responsibility to resolve conflicts in the medical evidence and ambiguities in the record. Andrews, 53 F.3d at 1039. Where the ALJ's interpretation of the record is reasonable, as it is here, it should not be second-guessed. Rollins, 261 F.3d at 857; Thomas, 278 F.3d at 954 ("Where the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld.").

The ALJ properly considered the medical evidence in formulating Plaintiff's RFC.

**B.     The ALJ Properly Discounted Plaintiff's Subjective Symptom Allegations**

Plaintiff contends the ALJ erred in discounting his subjective symptom allegations. The Court disagrees.

### 1.     Relevant Federal law

The test for deciding whether to accept a claimant's subjective symptom testimony turns on whether the claimant produces medical evidence of an impairment that reasonably could be expected to produce the pain or other symptoms alleged. Bunnell v. Sullivan, 947 F.2d 341, 346 (9th Cir. 1991); see also Reddick v. Chater, 157 F.3d 715, 722 (9th Cir. 1998); Smolen, 80 F.3d at 1281-82 esp. n.2. The Commissioner may not discredit a claimant's testimony on the severity of symptoms merely because they are unsupported by objective medical evidence. Reddick, 157 F.3d at 722; Bunnell, 947 F.2d at 343, 345. If the ALJ finds the claimant's pain testimony not credible, the ALJ "must specifically make findings which support this conclusion." Bunnell, 947 F.2d at 345. The ALJ must set forth "findings sufficiently specific to permit the court to conclude that the ALJ did not arbitrarily discredit claimant's testimony." Thomas, 278 F.3d at 958; see also Rollins, 261 F.3d at 857; Bunnell, 947 F.2d at 345-46. Unless there is evidence of malingering, the ALJ can reject the claimant's testimony about the severity of a claimant's symptoms only by offering "specific, clear and convincing reasons for doing so." Smolen, 80 F.3d at 1283-84; see also Reddick, 157 F.3d at 722. The ALJ must identify what

testimony is not credible and what evidence discredits the testimony. Reddick, 157 F.3d at 722; Smolen, 80 F.3d at 1284.

2. Analysis

In determining Plaintiff's RFC, the ALJ concluded that Plaintiff's medically determinable severe impairments reasonably could be expected to cause some of the alleged symptoms. (AR 24.) The ALJ, however, also found that Plaintiff's statements regarding the intensity, persistence, and limiting effects of these symptoms are "not entirely consistent" with the medical evidence and other evidence of record. (AR 24.) Because the ALJ did not make any finding of malingering, he was required to provide clear and convincing reasons supported by substantial evidence for discounting subjective symptom allegations. Smolen, 80 F.3d at 1283-84; Tommasetti, 533 F.3d at 1039-40.

First, the ALJ found that Plaintiff's subjective symptom allegations are inconsistent with the objective medical evidence and the medical evidence does not support the alleged severity of symptoms. (AR 31.) An ALJ is permitted to consider whether there is a lack of medical evidence to corroborate a claimant's alleged symptoms so long as it is not the only reason for discounting a claimant's subjective symptom allegations. Burch v. Barnhart, 400 F.3d 676, 680-81 (9th Cir. 2005). Here, Dr. Vu, Dr. Gross, Dr. Bernabe, and the State agency reviewing physicians all found that Plaintiff could perform light or medium work. The VE also testified there were sedentary jobs that Plaintiff could perform if the RFC were more restrictive and required a cane.

Second, medical treatment records reveal Plaintiff has received routine, conservative and non-emergency treatment, primarily in the form of pain medication and physical therapy. (AR 24, 28.) An ALJ may consider conservative treatment in evaluating subjective symptom allegations. Tommasetti, 533 F.3d at 1039.

Third, Plaintiff was able to obtain effective relief with medication. (AR 24-25, 27, 28.) Impairments that can be controlled with medication are not disabling. Warre v. Comm'r of Soc. Sec., 439 F.3d 1001, 1006 (9th Cir. 2006). The ALJ found that pain medications have been

relatively effective in controlling Plaintiff's symptoms. (AR 28.) Indeed, in May 2016, Plaintiff reported his pain level at 0/10. (AR 27.)

Fourth, Plaintiff failed to follow treatment recommendations. An ALJ may consider an unexplained or inadequately explained failure to seek treatment or follow a treatment regimen in evaluating subjective symptom allegations. Tommasetti, 533 F.3d at 1039. Here, Plaintiff was referred to physical therapy in 2015 but failed to attend. (AR 27.) He admitted he last attended physical therapy a year before the hearing. (AR 24.) He also did not renew his pain medications for a long time. (AR 25.)

Plaintiff disputes the ALJ's evaluation of the evidence, but again it is the ALJ's responsibility to resolve conflicts in the medical evidence and ambiguities in the record. Andrews, 53 F.3d at 1039. Where the ALJ's interpretation of the record is reasonable, as it is here, it should not be second-guessed. Rollins, 261 F.3d at 857; Thomas, 278 F.3d at 954 ("Where the evidence is susceptible to more than rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld.").

The ALJ discounted Plaintiff's subjective symptom allegations for clear and convincing reasons supported by substantial evidence.

* * *

The ALJ's RFC is supported by substantial evidence. The ALJ's non-disability determination is supported by substantial evidence and free of legal error.

**ORDER**

IT IS HEREBY ORDERED that Judgment be entered affirming the decision of the Commissioner of Social Security and dismissing this action with prejudice.

DATED: January 7, 2020     /s/ John E. McDermott
JOHN E. MCDERMOTT
UNITED STATES MAGISTRATE JUDGE